**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vincent William BARBEE,**
**Defendant–Appellant.**

**No. 10–30266.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed June 27, 2011.

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Jill Aiko Otake, Assistant U.S. Attorney, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Dennis Carroll, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Barbee entered a conditional plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1), reserving the right to appeal the denial of his motion to suppress the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence obtained following a *Terry* stop. We affirm.

An officer may perform a *Terry* stop only when under the "totality of the circumstances" there is a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Sigmond–Ballesteros,* 285 F.3d 1117, 1121 (9th Cir.2002) (citations omitted). The detaining officer's observation that Barbee was parked in a car, along with three other people, in a high crime area at 9 AM, and that his eyes were glassy, his hands were shaking and he appeared extremely nervous, constituted a basis for reasonable suspicion in light of the officer's training and experience. *See Ramirez v. City of Buena Park,* 560 F.3d 1012, 1020–21 (9th Cir.2009).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.